UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

GERALD D. TAYLOR,

        Petitioner,

        v.                                   Case No. 03-C-1420

GARY R. McCAUGHTRY,

        Respondent.

---

DECISION AND ORDER
GRANTING  PETITIONER'S MOTION TO RELEASE HOLD IN ABEYANCE AND
REOPEN CASE, DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR
APPOINTMENT OF COUNSEL, AND ORDERING RESPONDENT TO FILE AN ANSWER
OR OTHERWISE RESPOND ON OR BEFORE DECEMBER 20, 2005

On January 26, 2004, this court granted Gerald D. Taylor's motion to hold in

abeyance a decision on his petition for issuance of a writ of habeas corpus.  At the time of

filing, Taylor had an appeal pending before the Wisconsin Court of Appeals.  On January 25,

2005, the Wisconsin Court of Appeals issued an unpublished decision affirming his

convictions, and the Wisconsin Supreme Court denied a petition for writ of certiorari on May

11, 2005.  Soon thereafter, Taylor returned to the Eastern District of Wisconsin with a Motion

to Release Hold in Abeyance and Reopen Case, as well as a Motion for Appointment of

Counsel.

This court's January 26, 2004, order required the Clerk of Court close this case

for administrative purposes, and granted Taylor thirty days to return to this court after

exhausting his state remedies.  It appears that Taylor complied with the order and that this

case should be reopened.

Because Taylor paid the $5 filing fee, the court reviews the petition under Rule 4 of the Federal Rules Governing Habeas Corpus Cases Under Section 2254. If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief, the court must dismiss the petition summarily. If the petition is not dismissed, the court orders respondent to file an answer or motion within a fixed time.

In the original petition, Taylor raised the following grounds: invalid plea agreement, judicial bias, conflict of interest and violation of the plea agreement. However, in the memorandum attached to the petition, Taylor clarified that his claims are based on an underlying theory of ineffective assistance of trial and appellate counsel. At this stage, it does not appear from the face of the petition that Taylor is not entitled to relief. Accordingly, the court will order an answer pursuant to Rule 5 of the Federal Rules Governing Habeas Corpus Cases.

Further, Taylor filed a motion for appointment of counsel and identified six attorneys whom he contacted seeking pro bono representation. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Before this is proper, the district court must determine that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." See 18 U.S.C. § 3006A(a)(2). Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997).

At this time, the court has insufficient information to determine whether Taylor is financially eligible for appointment of counsel. Moreover, it appears that Taylor has

competently communicated his issues to this court as well as the state courts reviewing his case. Lastly, the issues raised in the petition are not so complex that denying Taylor's request would result in a miscarriage of justice. Hence, the court will deny the motion for appointment of counsel at this stage. If the court's assessment of the complexity of the case changes after the court reviews the record and response, this issue will be revisited.

Now, therefore,

IT IS ORDERED that petitioner Gerald D. Taylor's motion to release hold in abeyance and reopen case is granted.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel is denied without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court shall send a copy of all documents filed in this case to the Warden of the New Lisbon Correctional Institution, and to the Wisconsin Attorney General.

IT IS FURTHER ORDERED that the respondent shall file an answer or otherwise respond to the petition no later than December 20, 2005. If the respondent files a motion to dismiss, petitioner shall have 20 days following service of any such motion within which to file and serve his responsive brief and any supporting documents.

Dated at Milwaukee, Wisconsin, this 16th day of November, 2005.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge

3